METHFESSEL & WERBEL, ESQS.
3 Ethel Road, Suite 300
PO Box 3012
Edison, New Jersey 08818
(732) 248-4200
+1(732) 248-2355
mailbox@methwerb.com
Attorneys for Borough of Florham Park; Florham Park Police Department and Police Officer Brian Ford
Our File No.  67519 ELH

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ELEANOR G. MULLIGAN, INDIVIDUALLY AND AS EXECUTRIX OF ESTATE OF EDWIN A. MULLIGAN<br><br>Plaintiff,<br><br>V.<br><br>DIANE MURPHY; BOROUGH OF FLORHAM PARK; FLORHAM PARK POLICE DEPARMTENT; POLICE OFFICER BRIAN FORD; XYZ CORPORATION AND JOHN AND JANE DOES 1-20<br><br>Defendants. | CIVIL ACTION NO.:<br><br>2:07-CV-04467(JAG)<br><br>**ANSWER, CROSSCLAIMS & DEMANDS** |

Defendants, Borough of Florham Park; Florham Park Police Department and Police Officer Brian Ford, in response to the Complaint, say:

1. Admitted as to the nature of the action; otherwise denied.

2. Admitted.

3. Admitted.

4. Admitted.

5. First sentence admitted; second sentence neither admitted nor denied; not a factual contention.

6. Admitted.

7. Neither admitted nor denied; fictitious parties.

## JURISDICTION AND VENUE

8. Admitted.

9. Admitted.

10. Admitted.

## GENERAL ALLEGATIONS

11. Neither admitted nor denied; plaintiff is left to her proofs.

12. Neither admitted nor denied; plaintiff is left to her proofs.

13. Neither admitted nor denied; plaintiff is left to her proofs.

14. Admitted that defendant Murphy and plaintiff's decedent had an altercation, the details of which are recounted in numerous police reports and interviews.

15. Admitted that defendant Murphy and plaintiff's decedent had an altercation, the details of which are recounted in numerous police reports and interviews.

16. Admitted that defendant Murphy and plaintiff's decedent had an altercation, the details of which are recounted in numerous police reports and interviews.

17. Admitted that defendant Murphy and plaintiff's decedent had an altercation, the details of which are recounted in numerous police reports and interviews.

18. Admitted that defendant Murphy and plaintiff's decedent had an altercation, the details of which are recounted in numerous police reports and interviews.

19. Admitted.

20. Denied.

21. Denied.

22. Denied.

23. Admitted.

24. Admitted.

25. Admitted.

26. Admitted as to the existence of the Survivor's Act; otherwise denied.

27. Admitted as to the existence of the Wrongful Death Act; otherwise denied.

## **COUNT ONE**

28. Neither admitted nor denied; see responses above.

29. Neither admitted nor denied; inapplicable to these defendants.

30. Neither admitted nor denied; inapplicable to these defendants.

## COUNT TWO

31. Neither admitted nor denied; see responses above.

32. Neither admitted nor denied; inapplicable to these defendants.

33. Neither admitted nor denied; inapplicable to these defendants.

## COUNT THREE

34. Neither admitted nor denied; see responses above.

35. Neither admitted nor denied; inapplicable to these defendants.

36. Neither admitted nor denied; inapplicable to these defendants.

## COUNT FOUR

37. Neither admitted nor denied; see responses above.

38. Admitted that decedent and defendant Murphy had an altercation in the parking lot; the details of which are recorded in numerous reports and interviews.

39. Admitted that defendant Ford took the decedent into police custody.

40. Denied.

41. Denied.

42. Denied.

## COUNT FIVE

43. Neither admitted nor denied; see responses above.

44. Admitted that decedent and defendant Murphy had an altercation in the parking lot; the details of which are recorded in numerous reports and interviews.

45. Denied.

46. Denied.

## COUNT SIX

47. Neither admitted nor denied; see responses above.

48. Admitted that decedent and defendant Murphy had an altercation in the parking lot; the details of which are recorded in numerous reports and interviews.

49. Denied.

50. Admitted that decedent was aware of the confinement; otherwise denied.

51. Denied.

52. Denied.

## COUNT SEVEN

53. Neither admitted nor denied; see responses above.

54. Denied.

55. Denied.

## COUNT EIGHT

56. Neither admitted nor denied; see responses above.

57. Denied.

58. Denied.

## COUNT NINE

59. Neither admitted nor denied; see responses above.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

## COUNT TEN

64. Neither admitted nor denied; see responses above.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

## FIRST SEPARATE DEFENSE

This defendants breached no duty due and owing to the plaintiff.

## SECOND SEPARATE DEFENSE

The Complaint herein fails to set forth a cause of action against these defendants.

## THIRD SEPARATE DEFENSE

This defendant is entitled to a set-off and/or a reduction of any damage award pursuant to N.J.S.A. 2A:15-97 et. seq.

### FOURTH SEPARATE DEFENSE

The accident and injuries allegedly sustained were caused or contributed to by the acts of third persons over whom this defendant had no control.

### FIFTH SEPARATE DEFENSE

The damages and/or injuries set forth in the Complaint were caused by the sole negligence of the plaintiffs.

### SIXTH SEPARATE DEFENSE

The incident complained of in the Complaint was completely unavoidable on behalf of this defendant and, therefore, plaintiffs are barred from recovery as to it.

### SEVENTH SEPARATE DEFENSE

This defendant denies that it was negligent, breached any duty allegedly owed plaintiffs, or that it deviated from any accepted standard applicable to it.

### EIGHTH SEPARATE DEFENSE

Unless specifically admitted above, this defendant denies each and every material allegation of the plaintiff's Complaint and demands strict proof thereof.

### NINTH SEPARATE DEFENSE

Any award of punitive damages against this defendant in this action would violate the constitutional safeguards provided to this defendant under, separately and severally, Article I, Section 10[1] and/or the Fourth, Fifth, Sixth, Eighth, and/or Fourteenth Amendments to the Constitution of the United States.

### TENTH SEPARATE DEFENSE

Any award of punitive damages against this defendant in this action would violate the constitutional safeguards provided to this defendant under the Constitution of the State of New Jersey.

### ELEVENTH SEPARATE DEFENSE

Any award of punitive damages against this defendant would violate the constitutional safeguards provided to this defendant under, separately and severally, Article I, Section 10[1] and/or the Fourth, Fifth, Sixth, Eighth and/or Fourteenth Amendments to the Constitution of the United States and provisions of the Constitution of the State of New Jersey on the following separate and several grounds:

(a) That civil procedures pursuant to which punitive damages are awarded fail to provide for adequate, detailed, written instructions give to the jury.
(b) That civil procedures pursuant to which punitive damages are awarded fail to provide for a bifurcated trial.
(c) That civil procedures pursuant to which punitive damages are awarded fail to provide verdicts that delineate amounts of actual and punitive damages.

### TWELFTH SEPARATE DEFENSE

The imposition of punitive damages against this defendant would constitute grossly excessive punishment in violation of this defendant's rights under the due process laws of the United States Constitution

based on the decision of the United States Supreme Court in <u>B.M.W. of North America, Inc. v. Gore</u>, 116 S.Ct. 1589 (1996).

### THIRTEENTH SEPARATE DEFENSE

The imposition of punitive damages in this case would be in denial of this defendant's right to equal protection of the laws as guaranteed by the Fourth Amendment of the United States Constitution in that the imposition would treat this defendant differently from other defendants, criminal or otherwise, which are charged for similar or identical culpability.

### FOURTEENTH SEPARATE DEFENSE

This defendant specifically reserves and reasserts its rights to plead other defenses as discovery proceeds.

### FIFTEENTH SEPARATE DEFENSE

These parties were not guilty of any negligence or other wrongdoing contributing to the happening of the damages or injuries which are the subject matter of this action.

### SIXTEENTH SEPARATE DEFENSE

These parties were not guilty of any negligence or other wrongdoing which was in whole, or in part, the proximate cause of the incident or of the damages or injuries which are the subject matter of this action.

**SEVENTIETH SEPARATE DEFENSE**

The incident mentioned in the Complaint and the injuries and damages of the plaintiff were due to the negligence of the plaintiff which was proportionately greater than the negligence of these parties.  By reason of the premises and provisions of N.J.S.A. 59:9-4, et seq., the plaintiff is barred from any recovery against these parties.

**EIGHTEENTH SEPARATE DEFENSE**

The incident mentioned in the Complaint and the injuries and damages of the plaintiff were caused in part by the negligence of the plaintiff.  By reason of the premises and the provisions of N.J.S.A. 59:9-4, et seq., any damages sustained by the plaintiff shall be diminished by the percentage of negligence attributable to the plaintiff.

**NINETEENTH  SEPARATE DEFENSE**

These parties are public entities within the meaning of the New Jersey Tort Claims Act, N.J.S.A. 59:1-1, et seq., and, by virtue of the said New Jersey Tort Claims Act and its various provisions, these parties are not liable to any party herein and any recovery by any party herein is subject to the limitations set forth is said Act.

**TWENTIETH SEPARATE DEFENSE**

The damages recoverable in this action, if recoverable at all, are limited by the provisions of the New Jersey Tort Claims Act,  N.J.S.A. 59:1-1, et seq.

### TWENTY FIRST SEPARATE DEFENSE

At all times mentioned in the Complaint, any and all actions or omissions of these parties relating in any way to plaintiff's alleged damages involved decisions of these parties within an area of non-actionable governmental discretion.  By virtue of the said premises, these parties are not liable to any party herein.

### TWENTY SECOND SEPARATE DEFENSE

This action is barred as to these parties by reason of the failure of the party asserting a claim against these parties to present a notice of claim pursuant to the New Jersey Tort Claims Act, N.J.S.A. 59:1-1, et seq.

### TWENTY THIRD SEPARATE DEFENSE

Plaintiff's claim is limited by the doctrine of avoidable consequences.

### TWENTY FOURTH SEPARATE DEFENSE

The Complaint does not set forth a cause of action for punitive damages.

### TWENTY FIFTH SEPARATE DEFENSE

The Complaint fails to plead a cause of action under Sec. 1983, since there was no deprivation of a Federal right, nor has plaintiff shown that the acts or omissions were "under color of state law."

### TWENTY SIXTH SEPARATE DEFENSE

The plaintiffs cannot establish a cause of action against any of these defendants under 42 U.S.C. Sec. 1983 or any of the tort claims alleged.

### TWENTY SEVENTH SEPARATE DEFENSE

There was no denial of procedural and/or substantive due process under the Fourteenth Amendment.

### TWENTY EIGHTH FIRST SEPARATE DEFENSE

There was no deprivation of liberty without due process of law.

### TWENTY NINTH SEPARATE DEFENSE

Assuming arguendo that the acts or omissions alleged constitute negligence, negligence is not a cause of action under 42 U.S.C. Sec. 1983.

### THIRTIETH SEPARATE DEFENSE

These defendants in their individual capacities have qualified immunity from all of plaintiffs' claims.

### THIRTY FIRST SEPARATE DEFENSE

In applying the "objectively reasonable" test or the "clearly established law" test, qualified immunity applies to the individual defendants.

### THIRTY SECOND SEPARATE DEFENSE

Plaintiff has failed to prove malicious intent on the part of the individual defendants sufficient to defeat a claim of qualified immunity.

### THIRTY THIRD SEPARATE DEFENSE

Plaintiff has failed to prove the existence of actual damages and his claim is barred, since there is no compensation under 42 U.S.C. Sec. 1983 merely for an "abstract" constitutional right.

### THIRTY FOURTH SEPARATE DEFENSE

The claims against defendants are frivolous and groundless and do not set forth a cause of action under 42 U.S.C. Sec. 1983.  Pursuant to 42 U.S.C. Sec. 1988, defendants are entitled to counsel fees.

### THIRTY FIFTH SEPARATE DEFENSE

Probable cause existed which justifies plaintiff's arrest and detention and bars plaintiffs' claims.

### THIRTY SIXTH SEPARATE DEFENSE

Plaintiff's claim is barred or should be diminished by virtue of the terms and provisions of N.J.S.A. 59:2-1, et. seq.

### THIRTY SEVENTH SEPARATE DEFENSE

The claim of the plaintiff is barred or should be diminished by virtue of N.J.S.A. 59:3-1, et. seq.

### THIRTY EIGHTH SEPARATE DEFENSE

The claim of the plaintiff is barred or should be diminished by virtue of N.J.S.A. 59:4-1, et. seq.

### THIRTY NINTH SEPARATE DEFENSE

The claim of the plaintiff is barred or should be diminished by virtue of N.J.S.A. 59:5-1, et. seq.

### FORTIETH SEPARATE DEFENSE

The claim of the plaintiff is barred or should be diminished by virtue of N.J.S.A. 59:6-1, et. seq.

### FORTY FIRST SEPARATE DEFENSE

The claim of the plaintiff is barred or should be diminished by virtue of N.J.S.A. 59:7-1, et. seq.

### **FORTY SECOND SEPARATE DEFENSE**

The claim of the plaintiff is barred or should be diminished by virtue of N.J.S.A. 59:8-l, et. seq.

### **FORTY THIRD SEPARATE DEFENSE**

The claim of the plaintiff is barred or should be diminished by virtue of N.J.S.A. 59:9-l, et. seq.

### **FORTY FOURTH SEPARATE DEFENSE**

None of these defendants has violated any of either plaintiffs' constitutional, statutory, common law or other rights.

**WHEREFORE** these defendants demand judgment dismissing the Complaint in its entirety, costs and any and all other relief which the Court deems fair and equitable.

### **ANSWER TO ALL CROSSCLAIMS**

These defendants deny each and every allegation of all Crossclaims filed against these defendant.

### **CROSSCLAIM FOR CONTRIBUTION AND INDEMNIFICATION**

Defendants, Borough of Florham Park; Florham Park Police Department and Police Officer Brian Ford, demand contribution and indemnification from the co-defendant Diane Murphy, pursuant to the Joint Tortfeasors Contribution Act. N.J.S.A. 2A:53A-1 et seq. and the common law.

**JURY DEMAND**

These defendants hereby demand trial by a jury as to all issues.

                                          **METHFESSEL & WERBEL, ESQS.**
Attorneys for Borough of Florham Park; Florham Park Police Department and Police Officer Brian Ford

By:_____
        Eric L. Harrison

DATED: October 25, 2007

Our File No. 67519

**CERTIFICATE OF MAILING**

The undersigned hereby certifies as follows:

    1. I am employed by the law firm of Methfessel & Werbel.

    2. On October 25, 2007 the undersigned prepared and forwarded copies of the within correspondence to the following parties:

        Clerk, United States District Court - Newark
        Martin Luther King Jr.
        Federal Building and U.S. Court
        Newark, NJ 07101

        Gerald Krovatin, Esq.
        Krovatin & Associates, LLC
        744 Broad Street, Suite 1903
        Newark, NJ )7102
        Attorneys for: Eleanor Mulligan Ind &Executrix
        E/O Edwin Mulligan

        **CERTIFIED MAIL/**
        **RETURN RECEIPT REQUESTED**
        **AND REGULAR MAIL**
        Diane Murphy
        100 Center Grove Road, Apt. 3-12
        Randolph, NJ 07869

    3. I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

                                        _____
                                        Karen Aiello



| | Counsel | Associates |
|---|---|---|
| JOEL N. WERBEL> | LORI BROWN STERNBACK*+ | TRACY B. BUSSEL> |
| JOHN METHFESSEL, JR.> | MARC DEMBLING*+ | JEANNE K. CHESTNUT^ |
| EDWARD L. THORNTON*> | PAUL J. ENDLER JR.> | MICHAEL R. EATROFF> |
| DONALD L. CROWLEY*+ | GERALD KAPLAN+ | TIMOTHY J. FONSECA+ |
| FREDRIC PAUL GALLIN*+^ | STEVEN A. KLUXEN^ | SCOTT V. HECK> |
| STEPHEN R. KATZMAN# | JOHN R. KNODEL*+ | FRANK J. KEENAN+ |
| WILLIAM S.BLOOM>* | MARTIN R. MCGOWAN, JR.> | LESLIE A. KOCH+ |
| ERIC L. HARRISON*+ | CHARLES T. MCCOOK, JR. *> | ALLISON M. KOENKE> |
| MATTHEW A. WERBEL> | JARED P. KINGSLEY*+ | DANIELLE M. LOZITO+ |
| | | DARREN M. MALONEY> |
| Of Counsel | | DWIGHT J. MICHAELSON^ |
| JOHN METHFESSEL, SR.> | | KEITH J. MURPHY+ |
| | | MATTHEW L. RACHMIEL> |
| | | WILLIAM J. RADA+ |
| | | CHARLES P. SAVOTH, III> |
| | | LEONARD E. SEAMAN, III^ |
| | | GINA M. STANZIALE> |
| | | MITCHEL TARTER+ |

\* Certified by the Supreme Court of
   New Jersey as a Civil Trial Attorney
+Member of NY & NJ Bar
^Member of PA & NJ Bar
\>Member of NJ Bar only
#Member of NJ & LA. Bar
%Member of MI Bar
<Member of NJ and DC

**Please reply to New Jersey**

October 25, 2007

Gerald Krovatin, Esq.
Krovatin & Associates, LLC
744 Broad Street, Suite 1903
Newark, NJ 07102

**CERTIFIED MAIL/
RETURN RECEIPT REQUESTED
AND REGULAR MAIL**

Diane Murphy
100 Center Grove Road, Apt. 3-12
Randolph, NJ 07869

RE:  **MULLIGAN, ELEANOR VS. DIANE MURPHY, ET AL.**
      Our File No.       : 67519 ELH
      Docket No.         : 2:07-CV-04467(JAG)

Dear Mr. Krovatin and Ms. Murphy:

Enclosed please find the Answer filed on behalf of the municipal defendants:

Very truly yours,

**METHFESSEL & WERBEL, ESQS.**

Eric L. Harrison

ELH:ka/Encl.         harrison@methwerb.com
nc                   Ext. 138

3 Ethel Road ~ Suite 300 ~ P.O. Box 3012 ~ Edison, NJ 08818 ~ (732) 248-4200 ~ FAX (732) 248-2355
450 Seventh Avenue ~ Suite 1400 ~ New York, New York 10123 ~ (212) 947-1999 ~ FAX (212) 947-3332
www.njinslaw.com